## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Frankie Edward Adams,                                Case No.: 11cv2862 (MJD/SER)

                             Petitioner,

                                                     **REPORT AND**
v.                                                   **RECOMMENDATION**

Federal Bureau of Prisons,

                             Respondent.

This matter is before the undersigned United States Magistrate Judge on Petitioner's amended petition for habeas corpus relief under 28 U.S.C. § 2241.  (Docket No. 3.)[1]  The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[2]

## I.    BACKGROUND

---

[1]    The Court previously reviewed Petitioner's original habeas corpus petition, (Docket No. 1), and found it to be fatally defective for several reasons.  (*See* Order dated October 14, 2011; [Docket No. 2].)  Petitioner was granted leave to file an amended petition, and recently did so.

[2]    Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241.  Rule 1(b); *Mickelson v. United States*, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; *Bostic v. Carlson*, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); *Rothstein v.*

Petitioner is a federal prisoner who is currently detained, "at the direction of the Federal Bureau of Prisons," ("BOP"), in the Sherburne County Jail in Elk River, Minnesota, (Amended Petition, [Docket No. 3], p. 2, ¶ 1.)  Petitioner's submissions do not fully explain why he is being held in a county jail, rather than a penal facility operated by the BOP.

Petitioner alleges that he was already in the county jail on August 23, 2011, when he received notice that he was being charged with violating a BOP regulation, which is described as "Code # 102 (Escaping from an unescorted community program or activity)." (*Id*.)  On that same day, a "Discipline Committee" allegedly conducted a hearing on the charged offense, and found Petitioner guilty.  (*Id*., ¶ 2.)  The Discipline Committee recommended that Petitioner should be deprived of ten days of "good conduct time." (*Id*.)  Petitioner claims that he was denied his constitutional right to due process during this disciplinary proceeding, because he was not notified that he had (a) a right to be represented by a BOP staff member, (b) a right to remain silent, and (c) a right to call witnesses and present evidence.  (*Id*.)

The amended petition shows that the events of August 23, 2011, were superceded by a second hearing on the alleged "Code # 102" violation, that occurred on August 30, 2011.  (*Id*., p. 3, ¶ 3.)  At the conclusion of that second hearing, a BOP Disciplinary Hearing Officer, ("DHO"), allegedly found Petitioner guilty of the "Code # 102" infraction, and imposed a sanction of "35 good conduct time lost and 60 days denial of visitation." (*Id*.) As a result of DHO's sanctions, Petitioner allegedly was required to serve the remainder of his sentence in a "high security facility," (namely the county jail), and was denied the opportunity of "returning to a Community Center consistent with the status of his established unescorted security

---

*Pavlick*, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

classification."   (*Id.*)[3]

Based on the sketchy allegations \ presented in Petitioner's amended habeas corpus petition, he now claims that he was deprived of 35 days of good conduct time without being afforded the due process clause of the Fifth Amendment.   Petitioner is seeking a writ of habeas corpus that would restore his lost good conduct time, and expunge the disciplinary infraction from his prison record.

## II.   DISCUSSION

As pointed out in this Court's previous order, (*see* n. 1, *supra*), a prisoner facing a loss of good time credits is not entitled to "the full panoply" of procedural safeguards that attend a criminal prosecution. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).   According to *Wolff*, a prisoner is entitled to receive only "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action."   *Superintendent v. Hill*, 472 U.S. 445, 454 (1985).   Due process also requires that there must be "some evidence" supporting a guilty decision on a disciplinary charge brought against a prisoner.   *Id.*

In this case, Petitioner has not alleged that he was deprived of any good conduct time, (or any other liberty or property interest implicating the protections of due process), without being afforded *Wolff* and Hill minimal procedural safeguards.   Petitioner alleges that the Discipline

---

[3]   According to BOP regulations, disciplinary charges are brought against inmates by means of an "incident report."   (28 C.F.R. § 541.5.)   An incident report is initially reviewed by a Unit Disciplinary Committee, ("UDC").   (28 C.F.R. § 541.7.)   The UDC can refer the matter to a DHO for further review.   (*Id.*)   The DHO then conducts a new hearing on the incident report, and renders a final decision on the charges against the inmate.   (28 C.F.R. § 541.8.)

Committee made a "**recommendation** of 10 days good time lost," without notifying him that he

had a right to remain silent, present evidence, and be represented by a staff member.   (Amended

Petition, p. 2, ¶ 2, [emphasis added].)   Petitioner does not claim, however, that **the Discipline**

**Committee** actually deprived him of any good conduct time, (or any other interest subject to due

process protection).   The sanction recommended was never imposed.   Instead, the Discipline

Committee apparently referred the matter to a DHO, and the DHO conducted a new hearing, and

imposed other sanctions, (forfeiture of 35 days, not ten days, of good conduct time).

The amended petition plainly shows that the disciplinary sanction at issue in this case

was DHO-imposed The amended petition also does not describe any procedural inadequacy in

**the DHO proceedings**.   The DHO proceedings are described in just one paragraph of the

amended petition, (p. 3, ¶ 3), and there are no allegations in that paragraph showing any

procedural flaw in those proceedings.   Petitioner has not alleged that he was deprived of any of

the specific procedural protections that *Wolff* and *Hill* require during DHO proceedings.

Therefore, Petitioner's claim that he was deprived of 35 days of good conduct time without due

process is unsustainable.[4]

The Court also finds that Petitioner's amended habeas corpus petition is fatally deficient

because there are no allegations suggesting that Petitioner was **wrongly** disciplined.   In other

---

This appears to be the process that was used in Petitioner's case.

   [4]   The inadequacy of Petitioner's amended petition is somewhat surprising, because the Court's prior order in this case, (*see* n. 1, *supra*), expressly identified the due process safeguards that apply to prison disciplinary proceedings that cause an extension of a prisoner's confinement.  By listing the applicable procedural requirements, (complete with citations to the governing Supreme Court decisions), the Court gave Petitioner a clear pleading roadmap for his amended petition.   Yet Petitioner still failed to allege that any of the *Wolff/Hill* procedural requirements were unmet during the DHO proceedings that resulted in the alleged loss of 35 days of good conduct time.

words, Petitioner offered no reason to think that he might have been found not guilty of the charged "Code # 102" violation, if he had been afforded more generous procedural benefits during the DHO proceedings. Thus, even if there was some procedural flaw in the DHO proceedings, it apparently was a harmless error.

On a repeated and consistent basis, federal courts hold that in prison disciplinary cases, "[e]ven if a prison official's actions create a potential due process violation, a habeas petitioner needs to demonstrate that he was harmed by the violation in order to obtain relief." *Jordan v. Zych*, No. 7:10-cv-491 (W.D.Va. 2011) 2011 WL 2447937 at *4, citing *Brown v. Braxton*, 373 F.3d 501, 508 (4th Cir. 2004). *See also Powell v. Coughlin*, 953 F.2d 744, 751 (2nd Cir. 1991) ("it is entirely inappropriate to overturn the outcome of a prison disciplinary proceeding because of a procedural error without making the normal appellate assessment as to whether the error was harmless or prejudicial"); *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (alleged due process violation rejected based on harmless error analysis, because prisoner failed to explain how excluded testimony would have aided his defense against disciplinary charges); *Pilgrim v. Luther*, 571 F.3d 201, 206 (2nd Cir. 2009) ("a prisoner is entitled to assistance in 'marshaling evidence and presenting a defense,'" but "any violations of this qualified right are reviewed for 'harmless error'"); *Grossman v. Bruce*, 447 F.3d 801, 805 (10th Cir. 2006) ("errors made by prison officials in denying witness testimony at official hearings are subject to harmless error review").

Here, Petitioner has not shown that the outcome of the DHO disciplinary proceedings would have been different, if he had been afforded whatever procedural benefits he thinks were omitted. (As discussed above, Petitioner has not actually identified any *Wolff/Hill* requirements

that were omitted during the DHO proceedings.)  Petitioner has not suggested that he would have been better able to contest the disciplinary charges, if he had received earlier notice of the charges; he has not suggested that he would have been able to disprove the charges, if a staff member had assisted him; and he has not suggested that there actually was any testimonial or documentary evidence that would have exonerated him.   Most notably, perhaps, nothing in the amended habeas corpus petition suggests that Petitioner actually is innocent of the "Code #102" charges that were brought against him.

Thus, even if procedural errors did occur during the DHO disciplinary proceedings, Petitioner has offered no reason to believe that any such errors affected the outcome of the proceedings.   For this additional reason, Petitioner cannot be granted a writ of habeas corpus based on his current due process claims.

## III.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.   Petitioner's Amended Habeas Corpus Petition, (Docket No. 3), be **DENIED**; and

2.   This action be **DISMISSED WITH PREJUDICE**.

Dated: December 6, 2011

s/Steven E. Rau
STEVEN E. RAU
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 20, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.   Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.   A party may respond to the objecting party's brief within ten days after service thereof.   A judge shall make a de novo determination of those portions to which objection is made.   This Report and Recommendation

does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.